968 So.2d 875 (2007)
STATE of Louisiana, Appellee
v.
Garry ZEIGLER, Sr., Appellant.
No. 42,661-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 2007.
*876 Louisiana Appellate Project', by James E. Beal, Jonesboro, for Appellant.
Garry Zeigler, Sr., Jerry L. Jones, District Attorney. Robert N. Anderson, Assistant District Attorney, for Appellee.
Before STEWART, DREW and MOORE, JJ.
STEWART, J.
The defendant, Garry Zeigler, Sr., was convicted of distribution of cocaine. After remand from this court, defendant was sentenced as a fourth felony offender to 30 years at hard labor without benefit of probation or suspension of sentence, the first two years of which to be served without *877 benefit of parole.[1] The defendant now seeks review of his sentence for excessiveness. Finding no merit in his claims, we affirm his sentence.

FACTS
A jury convicted Zeigler of distribution of cocaine, and the facts of the case are set out in this court's previous opinion, wherein it affirmed the conviction. See State v. Zeigler, 40,673 (La.App.2d Cir.1/25/06), 920 So.2d 949. In short, the defendant was identified to the Metro Narcotics FBI Drug Task Force as a cocaine supplier, the task force then set up an undercover "buy bust" with Zeigler, and defendant sold six pieces of crack cocaine to an undercover agent in exchange for $100. The state filed a habitual offender bill of information alleging that Zeigler should be sentenced as a fourth habitual offender based upon the following prior felony convictions: (1) two counts of simple burglary on June 22, 1977, in Docket No. 37,702; (2) distribution of cocaine, a Schedule II CDS, on January 16, 1992, in Docket No. 91F0877; and, (3) possession of cocaine, a Schedule II CDS, on January 26, 2000, in Docket No. 98-F1617. The trial court refused to consider the 1977 convictions for simple burglary on the ground that it could not insure that the defendant's due process rights had been protected in the absence of a transcript of that guilty plea colloquy. Thus, in accordance with La. R.S. 15:529.1(A)(1)(b)(i), the trial court sentenced defendant as a third felony offender to 25 years at hard labor, with credit for time served, without benefit of parole, probation, or suspension of sentence.
On appeal, this court mistakenly found that the defendant had been convicted of possession of cocaine with intent to distribute in Docket No. 98-F1617, instead of possession of cocaine. Thus, this court mistakenly ordered that the sentence be remanded so that the trial court could sentence Zeigler to life imprisonment without benefit of parole, probation or suspension of sentence as a third felony offender pursuant to La. R.S. 15:529.1(A)(1)(b)(ii). On remand, the trial court complied with this court's sentencing instructions. On appeal from remand, this court noted its prior mistake in sentencing the defendant as a third felony offender to life imprisonment without benefit of parole, probation, or suspension of sentence. This court then considered the state's appeal of the defendant's sentence, wherein it argued that the trial court had erred in refusing to consider Zeigler's 1977 convictions for simple burglary and that he should be considered a fourth felony offender. This court found that the trial court should have considered the 1977 convictions and sentenced him as a fourth felony offender pursuant to La. R.S. 15:529.1(A)(1)(c)(i), which states that defendant "shall be sentenced to imprisonment for the fourth or subsequent felony for a determined term no less than the longest prescribed for a first conviction but in no event less than 20 years and not more than his natural life." See State v. Zeigler, 41,617 (La.App.2d Cir.12/20/06), 945 So.2d 946. Applying this formula to the prescribed sentence for distribution of cocaine under La. R.S. 40:967(B)(4)(b), the sentencing range for the defendant as a fourth felony offender is 30 years to life *878 imprisonment at hard labor, without benefit of probation or suspension of sentence, and without benefit of parole for the first two years. On the second remand, the trial court imposed the minimum sentence of 30 years at hard labor without benefit of probation or suspension of sentence, and without benefit of parole for the first two years. This appeal ensued.

DISCUSSION
The defendant argues that the 30-year sentence is excessive and that the trial court's original sentence of 25 years should be reinstated. The state argues that the 30-year sentence imposed on the defendant was the mandatory minimum sentence that could be imposed upon him under the habitual offender statute and that the minimum sentence is presumed to be constitutional. The state further argues that the defendant presented no evidence to show the trial court why anything less than the mandatory minimum sentence should be imposed.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688, 698 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641, 643. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475, 478 (La. 1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049, 1051-52 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, 753, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993); State v. Bonanno, 384 So.2d 355, 358 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La.1985).
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392, 394, writ denied, XXXX-XXXX (La.02/02/01), 783 So.2d 385. As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La. App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir. 1991). The trial court shall exercise its sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829, 831 (La. 1981). A trial judge is in the best position to consider the aggravating and mitigating *879 circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, 958. While given wide discretion to impose a sentence within the statutory limits, the sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, XXXX-XXXX (La.12/13/04), 893 So.2d 7, 16, citing State v. Thompson, XXXX-XXXX (La.4/9/03), 842 So.2d 330, State v. Washington, 414 So.2d 313 (La.1982); State v. Abercrumbia, 412 So.2d 1027 (La. 1982); State v. Hardy, 39,233 (La.App.2d Cir.01/26/05), 892 So.2d 710, 712-713. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Cook, 674 So.2d at 959.
The state presented evidence proving the defendant to be a fourth felony offender, and the sentencing range for fourth felony offenders is "for a term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life." La. R.S. 15:529.1(A)(1)(c)(i). Because Zeigler was convicted of distribution of cocaine, the mandatory minimum sentence that could be imposed upon him as a fourth felony offender was 30 years. La. R.S. 40:967(B)(4)(b). Thus, the trial court imposed the mandatory minimum sentence on the defendant. At the second re-sentencing hearing, the trial court noted that it was incorporating its reasoning from the defendant's original sentencing hearing as part of its reasoning for the current 30-year sentence. The trial court noted that it was considering the sentencing guidelines of La. C. Cr. P. art. 894.1 and the pre-sentence investigation report. The trial court noted Zeigler's criminal history, which included two prior convictions for simple burglary, a prior conviction for distribution of cocaine, and possession of cocaine.
The trial court noted that there was very little in regard to mitigation evidence, but that it was considering the defendant's limited education and his young children. The trial court noted that the defendant reported his past cocaine and marijuana use to the probation officer who was conducting the pre-sentence investigation; however, the trial court was not sure whether that should be considered an aggravating or mitigating circumstance. The trial court noted defendant's age of 49 and the fact that the state considered him to be a mid-level drug dealer instead of a "kingpin." The trial court noted the severity of the crime and problems to society caused by drug addiction. At both the original sentencing hearing and the second re-sentencing hearing, the trial court gave the defendant an opportunity to address the court. The defendant stated that he had been in prison when his older children were born and that he did not want to be in prison again now that he has more young children. Zeigler also indicated to the trial court that the amount of cocaine was worth less than $100, and that he thought this should be taken into consideration. Thus, a review of the record indicates that the trial court was cognizant of the sentencing considerations of La. C. Cr. P. art. 894.1.
Zeigler argues that the trial court's original sentence of 25 years should be reinstated because the sentence of 30 years is excessive. In State v. Johnson, XXXX-XXXX (La.3/4/98), 709 So.2d 672, 675-677, the Louisiana Supreme Court explained the circumstances in which a downward departure from the mandatory minimum habitual offender sentence is warranted, finding that it is rare and only warranted under exceptional circumstances. The court noted *880 that although the Louisiana Legislature has the authority to define criminal conduct and to provide penalties for that conduct, the judiciary retains the ability to find sentences excessive under Article I, Section 20 of the Louisiana Constitution. State v. Johnson, 709 So.2d at 676, citing State v. Sepulvado, 367 So.2d 762, 767 (La.1979). While having found that the Habitual Offender Law in its entirety is constitutional and that minimum sentences imposed under this statute are also presumed to be constitutional, the court recognized that this power to exercise a downward departure from the mandatory minimum sentence extends also to sentences for multiple offenders. State v. Johnson, 709 So.2d at 676, citing State v. Dorthey, 623 So.2d at 1280-1281. The sentencing judge must begin with the presumption that the mandatory minimum sentence is constitutional. State v. Johnson, 709 So.2d at 676, citing State v. Dorthey, 623 So.2d at 1281, State v. Young, 94-1636 (La.App. 4th Cir.10/26/95), 663 So.2d 525. The court may only depart from the minimum sentence if its finds that the defendant presented "clear and convincing evidence" to rebut that presumption of constitutionality, which requires a showing that "`[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.'" State v. Johnson, 709 So.2d at 676, quoting State v. Young, 663 So.2d at 528 (Plotkin, J., concurring).
Further, the court noted that a trial court wishing to give a sentence less than the mandatory minimum under the Habitual Offender Law cannot solely rely upon the nonviolent nature of the instant crime or of the past crimes as a justification for doing so:
While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this fact has already been taken into account under the Habitual Offender Law for third and fourth offenders. LSA-R.S. 15:529.1 provides that persons adjudicated as third or fourth offenders may receive a longer sentence if their instant or prior offense is defined as a "crime of violence" under LSA-R.S. 14:2(13). Thus the Legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit crimes of violence and those who do not. Under the Habitual Offender Law those third and fourth offenders who have a history of violent crime get longer sentences, while those who do not are allowed lesser sentences. So while a defendant's record of non-violent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence to be excessive.
State v. Johnson, 709 So.2d at 676. The trial court must also keep in mind the goals of the Habitual Offender Law, which include the deterrence and punishment of recidivism. State v. Johnson, 709 So.2d at 676-677. Even when the trial court does view a downward departure from the mandatory minimum sentence as necessary to avoid imposition of an unconstitutionally excessive sentence, it must impose the longest sentence that is not constitutionally excessive and "articulate specific reasons why the sentence he imposes instead of the statutory mandatory minimum is the longest sentence which is not excessive under the Louisiana Constitution" in order to "give as much deference as constitutionally possible to the Legislature's determination of the appropriate minimum sentence *881 for a habitual offender." State v. Johnson, 709 So.2d at 677.
Applying the reasoning from State v. Johnson, supra, to the present case, there is no justification for a sentence less than the mandatory minimum required by the Habitual Offender Law. The mandatory minimum sentence is presumed to be constitutional, and the defendant presented no evidence that his circumstances were exceptional or that he was the victim of the legislature's failure to assign sentences meaningfully tailored to his culpability, to the gravity of his offense, or to the circumstances of his case. The trial court noted that the defendant had been involved in the judicial system since 1975, and the Habitual Offender Law was intended to punish and deter recidivism. Because defendant has not shown that his case is exceptional and warrants a rare departure from the mandatory minimum sentence under the Habitual Offender Law, the trial court properly sentenced defendant within the statutory range prescribed for a fourth offender under the Habitual Offender Law.

CONCLUSION
In the light of these circumstances, Zeigler's sentence does not shock the sense of justice. Thus, the trial court did not abuse its discretion, and the sentence is not constitutionally excessive. Therefore, this sentence is affirmed.
AFFIRMED.
NOTES
[1] The trial court omitted from the sentencing order that the first two years of the sentence should be served without benefit of parole based upon language in this court's last opinion regarding restriction of the benefit of parole on third and fourth habitual offenders when the underlying conviction contains no restriction on the benefit of parole. Even so, the trial court correctly noted that the first two years of defendant's sentence should be served without the benefit of parole, probation, or suspension of sentence pursuant to La. R.S. 40:967.