STEWART, J.
hThe defendant, Larry Esque, was convicted of three counts of molestation of a juvenile, pursuant to La. R.S. 14:81.2. He was sentenced to 20 years on the first count, 15 years on the second count, and 15 years on the third count. The defendant was ordered to serve these sentences consecutively. For the reasons discussed below, we affirm the defendant’s convictions and sentences.
FACTS
In April or May of 2008, B.T., who was born on October 4, 1999, was left in the care of the defendant, whom she calls “Uncle Larry.” The defendant is not B.T.’s uncle. B.T. had a poison ivy rash on her stomach, and the defendant applied ointment to the rash. He then proceeded to pull her shorts and underwear to the side and touch her genitals, and he raised her shirt to touch her chest inappropriately. B.T. was born on October 4,1999.
After B.T. informed her mother that the defendant had touched her inappropriately, her mother reported the incident to the Bossier City Police Department. The case was assigned to Sergeant Michael T. Beam, who was working in the juvenile division at that time. Sergeant Beam contacted B.T. and scheduled an interview at the Gingerbread House. When B.T. was interviewed at the Gingerbread House, it was discovered that the incident had occurred in Shreveport. The case was then transferred to Caddo Parish.
The case was assigned to Detective Jeff Allday, who works in the sex crimes division of the Shreveport Police Department. Allday contacted C.H., who is the defendant’s daughter, as well as the girlfriend of B.T.’s ^brother. C.H. informed Allday that she believed that the defendant had molested B.T. because he had molested her almost every day at their home in *1023 Shreveport, from the age of six to the age of ten, between the years of 1986 and 1990. C.H. was born on June 12,1980.
C.H. also informed Allday that she had a friend named D.H., who spent the night with her when they were in the fifth grade. That night, C.H. and D.H. slept in the bed with the defendant. C.H. testified that D.H. asked C.H.’s mother to take her home in the middle of the night because she was sick. Shortly thereafter, D.H. wrote about sleeping at C.H.’s house and why she left in the middle of the night in a journal at school. D.H. explained in the journal entry that the defendant had been “rubbing” his body against both girls that night. D.H.’s teacher read the journal entry and reported it to the authorities. D.H. was born on May 6, 1980. This incident occurred in 1989.
Allday contacted D.H., who recalled the same incident from 1989. D.H. informed Allday that she and G.H. were sleeping in the same bed with the defendant. She recalled that the defendant took turns “dry humping” the girls, by rubbing his crotch back and forth on them. D.H. stated that she asked C.H.’s mom to take her home, and that she never returned to the Esque’s home again.
An investigation was initiated after this incident occurred in 1989, but neither D.H. nor C.H. remembers anything resulting from the investigation. It appears as if the investigation was dropped.
| oThe defendant, who was born on December 10, 1950, was charged by bill of information with three counts of molestation of a juvenile. Count one charged that in April or May of 2008, he, being over the age of 17, committed lewd and lascivious acts upon B.T., born October 4,1999, there being more than two years age difference between them, with the intent to gratify his sexual desires and those of B.T., by use of influence by virtue of a position of supervision and control over her in violation of La. R.S. 14:81.2(A), (C), and (E)(1). The bill was later amended to delete the reference to (E)(1) because that section of the law had not been enacted at the time of the incident in April or May of 2008.
Count two charged that from 1986 to 1990, the defendant, being over the age of 17, committed lewd and lascivious acts upon the person and in the presence of C.H., born June 12,1980, there being more than two years age difference between them, with the intent to arouse and gratify his sexual desires by use of influence by virtue of a position of supervision and control over her in violation of La. R.S. 14:81.2(A), (C), and (D).
Count three charged that in 1989, the defendant being over the age of 17, committed lewd and lascivious acts upon the person and in the presence of D.H., born May 6, 1980, there being more than two years age difference between them, with the intent to arouse and gratify sexual desires and those of the juvenile by use of influence by virtue of a position of supervision and control over her in violation of La. R.S. 14:81.2(A) and (C).
After the bill of information had been amended several times prior to the commencement of trial, the defendant was informed by the court that the Lsentencing range for the first count of molestation of a juvenile was up to 20 years, and the sentencing range for the second and third count was up to 15 years. The sentencing limits for each count differ based on the dates of the alleged commission of the crimes. The defendant did not accept the plea bargain agreement offered to him.
The jury trial commenced on October 11, 2010. The testimonies of B.T., C.H., and D.H. corroborated the facts discovered through the police investigation. On October 13, 2010, the jury found the defendant *1024 guilty on all three counts of molestation of a juvenile.
The defendant filed a motion for post judgment verdict of acquittal, which was subsequently denied at the sentencing hearing on October 27, 2010. At the sentencing hearing, the trial judge reviewed the sentencing factors and guidelines pertinent to this case. He also considered the facts presented at trial that supported the contention that the defendant had a history of childhood molestation spanning 22 years. The defendant was sentenced to 20 years’ imprisonment at hard labor for the first count of molestation of a juvenile, 15 years’ imprisonment at hard labor for the second count, and 15 years’ imprisonment at hard labor for the third count. The trial judge ordered that these sentences run consecutively.
Counsel for the defendant objected to the sentences imposed, and filed a motion to reconsider the sentences on November 18, 2010. Defendant’s counsel argued that the sentences were excessive and unconstitutional because they were too severe under the circumstances of 1 sthe case. The motion was denied on November 22, 2010. This appeal ensued.
LAW AND DISCUSSION
In the defendant’s sole assignment of error, he argues that a 20-year sentence at hard labor, together with the two 15-year sentences at hard labor, all to run consecutively, are excessive. The defendant contends that the total 50-year sentence, which consists of the maximum sentence for each count, is grossly disproportionate to the severity of the crime, and serves no useful purpose. The defendant, who was 59 years old at the time of trial, argues that due to his age, the 50-year sentence will force him to spend the rest of his life in jail.
The trial judge is afforded wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of his discretion. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating factor so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297.
The goal of La. C. Cr. P. art. 894.1 is the articulation of the factual basis for a sentence, not the rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been a full compliance with La. C. Cr. P. art. 894.1. The important elements which should be considered are the defendant’s prior criminal record, the seriousness of the offense, the likelihood of rehabilitation and his personal history, including his age, family ties, marital status, health and employment record. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
*1025 The second prong is constitutional excessiveness. A sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
| 7As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. McKinney, 43,061 (La.App. 2 Cir. 2/13/08), 976 So.2d 802.
At the time of the first act of molestation of C.H. in 1986, and continuing through 1990 when the last act of abuse of C.H. occurred, the penalty portion of La. R.S. 14:81.2 stated:
C. Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both.
This is also the way La. R.S. 14:81.2 read in 1989 during the commission of the offense against D.H.
In 2008, when the act of abuse of B.T. occurred, the penalty subsection of the statute stated:
C. Whoever commits the crime of molestation of a juvenile, when the victim is thirteen years of age or older but has not yet attained the age of seventeen, and when the offender has control or supervision over the juvenile, shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than five, nor more than twenty years, or both[.] [T]he defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with Code of Criminal Procedure Article 893. (Punctuation added.)
It is within the trial court’s dis- ■ cretion to order sentences to run consecutively rather than concurrently. La. C. Cr. P. art. 883. When consecutive sentences are imposed, the trial court shall state the factors considered and its reasons for the consecutive terms. Among the factors to be considered when consecutive sentences are imposed are the defendant’s criminal history; the gravity or dangerousness of the offense; the |sviciousness of the crimes; the harm done to the victims; whether the defendant constitutes an unusual risk of danger to the public; the potential for the defendant’s rehabilitation; and whether the defendant received a benefit from the plea agreement. State v. Smith, 44,998 (La.App. 2 Cir. 3/31/10), 34 So.3d 386, writ denied, 10-0980 (La.12/10/10), 51 So.3d 722.
The record shows that the trial judge adequately considered the aggravating and mitigating circumstances applicable to the defendant, thereby complying with La. C. Cr. P. Art. 894.1. The trial judge noted many aggravating circumstances, including those regarding the fact that the victims were tormented through the years due to molestation by the defendant, and that the defendant knew or should have known of the vulnerability of the victims and the incapability of resistance given their young age. The trial judge found that the defendant was in a position of control and supervision over all three victims at the time of their molestation, and that in regard to the *1026 defendant’s daughter, the abuse took place over a span of many years. He found that the victims will carry the scars of what the defendant did to them throughout their lives.
The trial judge also noted that the defendant was a “scourge on society,” that he had been committing atrocious crimes against children for at least 22 years, and that he would commit molestation if he were not incarcerated. The 22 years of abuse that the trial judge is referring to is not exactly accurate, since the proven acts of molestation occurred from 1986 through 1990, and then again in 2008. However, this evidence shows that the defendant did not reform himself during the time period when he was |3not accused of molesting children. The trial judge noted that child molesters “fit into a certain category, and that they just seem to repeat their crimes if given the opportunity.”
The trial judge stated that he had considered any mitigating circumstances and examined them pursuant to La. C. Cr. P. art. 894.1. He recognized the defendant’s arguments that he was 59 years old, that the sentences would amount to a life sentence, and that the defendant had not been convicted before. However, the trial judge did not consider these as mitigating factors, since the defendant was not living a “law abiding life.”
The trial judge found that all three of the factors found in La. C. Cr. P. art. 894.1(A) applied, and that there was an undue risk that the defendant would commit another crime during the period of suspended sentence or probation. Also, the defendant was in need of correctional treatment or a custodial environment that can be provided most effectively by commitment to an institution. Lastly, a lesser sentence would deprecate the seriousness of the defendant’s crimes.
After considering the La. C. Cr. P. art. 894.1 factors, and the arguments presented by the defendant’s attorney, the trial judge imposed the maximum sentence for each charge.
After a careful review of the record, we find that the sentences imposed were within the statutory guidelines, and the trial judge articulated with great particularity why he imposed those sentences. We cannot say that the imposition of the maximum sentences for this defendant are nothing more than a purposeless and needless infliction of pain and suffering, nor a | inshock to our sense of justice. The defendant’s sentences, totaling 50 years, are not grossly out of proportion to the seriousness of the offenses when considering the fact that the defendant sexually violated three young girls. Accordingly, we find that the trial court did not err in the imposition of the maximum sentences to be served consecutively in this case. The defendant’s argument regarding the exces-siveness of his sentences is without merit.
CONCLUSION
For the foregoing reasons, the convictions and sentences of the defendant, Larry Esque, are affirmed.
AFFIRMED.