BROWN, Chief Judge.
11Defendant, Donte Lashon Gilbert, Jr., pled guilty on June 25, 2013, to one count of aggravated flight from an officer, a violation of La. R.S. 14:108.1. He was sentenced to serve 18 months at hard labor, and a $500 fine was imposed, together with court costs, or 60 days in jail in lieu of payment. Defendant appeals his sentence as excessive. The sentence is amended to remove that portion which imposed jail time in default of payment of the fine and court costs, and as amended, the sentence is affirmed.

Facts

Defendant was initially charged with aggravated flight from an officer, unauthorized use of a motor vehicle, and illegal carrying of weapons while in possession of a controlled dangerous substance. An attorney from the Indigent Defender Board was appointed to provide representation for defendant. On June 25, 2013, defendant appeared before the court to plead guilty to count one, aggravated flight. Counts two and three were dismissed by the state.
The trial court advised defendant that by pleading guilty he would waive his right to a trial by jury, his right to confront and cross-examine witnesses, and his right against self-incrimination. The trial court also advised defendant that he faced a sentencing exposure of up to two years at hard labor and a maximum fine of $2,000. Defendant confirmed that he understood the rights he was waiving and the possible sentence, and said that no one was forcing him to plead guilty.
The following factual basis was recited at the guilty plea hearing. On March 27, 2013, Shreveport Police officers observed defendant speeding on 12La. Hwy. 3132 and attempted to stop him. The officers were in a marked police car and had their lights engaged. Defendant’s friend and his cousin were in the car with him. Defendant continued his flight from the officers into a residential area and was clocked driving at over 80 mph in zones marked for a maximum of 40 or 60 mph. He ran a red light. After turning onto a dead-end street, defendant abandoned the car and fled on foot until he was finally captured. Following his arrest, a search of the vehicle revealed a 9mm handgun, which had been reported stolen, and a small amount of marijuana. The vehicle had also been reported having been taken without authorization.
Defendant confirmed that the facts were correct, but informed the judge that he thought he was only driving 55 or 60 mph. The trial court stated that the video indicated that defendant’s speeds were higher. Defendant said that he fled from the offi *997 cers because he had an outstanding warrant for resisting an officer and misrepresentation during booking.
The trial court found there was a factual basis for the plea and that defendant was freely and voluntarily pleading guilty, then accepted defendant’s guilty plea.
The judge said that he had reviewed the sentencing guidelines found in La. C. Cr. P. art. 894.1 and that he rewarded defendant for admitting his mistake and pleading guilty. The trial court found that the maximum sentence was not warranted under the circumstances of the case, but also noted that defendant’s outstanding warrant was a consideration. The trial court then sentenced defendant to 18 months imprisonment at hard labor, with credit for time served. The trial court also ordered defendant to pay a |<¾$500 fine, plus court costs, or to serve an additional 60 days in jail in lieu of payment.
On July 25, 2013, defendant filed a motion to reconsider sentence, claiming that the sentence imposed was excessive, that the reasons the trial court gave as aggravating factors were not sufficient grounds for the near maximum sentence imposed and that the trial court gave insufficient weight to mitigating factors such as defendant’s age at the time of the offense, and that he had no prior felony or misdemean- or convictions. The trial court denied the motion on July 26, 2013. Defendant has appealed, urging the excessiveness of his sentence.

Discussion

On appeal, defendant argues that the 18-month hard labor sentence is excessive and that the goals of rehabilitation can be achieved with a lesser sentence. Defendant also complains that the trial court failed to specify aggravating or mitigating factors or any of the justifications for imposing a sentence of imprisonment under La. C. Cr. P. art. 894.1.
La. R.S. 14:108.1(E) provides that the penalty for aggravated flight from an officer is imprisonment at hard labor for not more than two years and an optional fine of not more than $2,000.
A sentence is reviewed for exces-siveness by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1 and determining whether the sentence is constitutionally excessive. State v. Gardner, 46,688 (La.App.2d Cir.11/02/11), 77 So.3d 1052. A sentence is excessive by constitutional standards, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate [ 4to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Fatheree, 46,686 (La.App.2d Cir.11/02/11), 77 So.3d 1047.
The trial court has wide discretion in imposing a sentence within minimum and maximum limits allowed by the statute; therefore, a sentence will not be set aside as excessive unless the defendant shows that the trial court abused its discretion. State v. Hardy, 39,233 (La.App.2d Cir.01/26/05), 892 So.2d 710; State v. Young, 46,575 (La.App.2d Cir.9/21/11), 73 So.3d 473, writ denied, 11-2304 (La.03/09/12), 84 So.3d 550. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Zeigler, 42,661 (La.App.2d Cir.10/24/07), 968 So.2d 875. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,515 (La.App.2d Cir.09/21/11), 73 So.3d 1021, writ denied, 11-2347 (La.03/09/12), 84 So.3d 551.
*998 The trial court in this case noted that the guidelines were reviewed and specifically referred to an aggravating factor — the outstanding warrant for resisting an officer and misrepresentation — and a mitigating factor — defendant’s admission of his mistake and guilty plea — that were considered in the determination of his 18-month sentence with a $500 fine, which was less than the maximum of 24 months with a $2,000 fine. As was discussed during the guilty plea colloquy immediately preceding defendant’s sentencing, defendant endangered the lives of his passengers, the pursuing |sofficers, and the citizens along the Interstate and residential areas by driving at speeds exceeding 80 mph and by running a traffic light. Although this was defendant’s first conviction, it was not his first or only criminal act, as evidenced by warrants for resisting an officer and misrepresentation, and other charges for unauthorized use of an immovable and illegal carrying of a firearm while in possession of a controlled dangerous substance. In light of these facts, the sentence of 18 months at hard labor is not disproportionate to the severity of the danger caused by defendant’s actions and does not shock the sentence of justice.
Defendant next asserts that because he is indigent, that portion of his sentence which imposes jail time in default of payment of the $500 fine and court costs is illegal.[1] The state concurs that, due to defendant’s indigent status, the jail time in default of payment of the fine and court costs should be deleted from the sentence imposed.
Therefore, that portion of defendant’s sentence which imposes 60 days jail time in default of the payment of the fine imposed and court costs is vacated.

Conclusion

For the above reasons, defendant’s sentence is amended to remove that portion which imposes jail time in default of payment of the fine and court costs, and as amended, it is affirmed.

. An indigent defendant may not be subjected to imprisonment because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991); State v. Kerrigan, 27,846 (La.App.2d Cir.04/03/96), 671 So.2d 1242.