STEPHENS, J.
This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. The defendant, James Henry Townsend, III, was charged with one count of possession of a firearm or carrying a concealed weapon by a convicted felon, in violation of La. R.S. 14:95.1. After a jury trial, Townsend was found guilty as charged and sentenced to 12 years at hard labor without the benefit of probation, parole, or suspension of sentence. Townsend was also ordered to pay a fine of $1,000.00 and to pay $250.00 to the Indigent Defenders Office. Townsend's motion for post-verdict judgment of acquittal and motion to reconsider sentence were denied. On appeal, Townsend challenges his sentence claiming it is excessive. For the following reasons, Townsend's conviction and sentence are affirmed.
FACTS
On July 9, 2016, Sergeant James Houston of the Caddo Parish Sheriff's Office observed a motorcycle, driven by Townsend, passing a car in a no-passing zone on Linwood Avenue in Shreveport, Louisiana. Sergeant Houston stopped Townsend and asked for his license, which Sgt. Houston determined was suspended. When asked, Townsend denied having any weapons; however, when Sgt. Houston conducted a pat-down of Townsend, he discovered a firearm on his person-a .22 caliber revolver loaded with six rounds.
Initially, Townsend was charged by bill of information with the following: passing in a no-passing zone; illegal carrying of weapons; operating a vehicle while under suspension for certain prior offenses; and, possession of a firearm or carrying a concealed weapon by a convicted felon. Townsend pled not guilty to all the charges and elected to have a jury trial. Subsequently, the state filed an amended bill of information charging Townsend with two counts: illegal carrying of weapons and possession of a firearm or carrying a concealed weapon by a convicted felon. Ultimately, the state filed a second amended bill of information, only charging Townsend with possession of a firearm or carrying a concealed weapon by a convicted felon, a violation of La. R.S. 14:95.1
Townsend's trial on this charge commenced, wherein three witnesses testified. The state called two witnesses. Sergeant Danny Duddy, an officer with the Shreveport *768 Police Department and fingerprint expert, verified that Townsend was indeed the same person who had previously been convicted of illegal use of weapons on April 18, 2001. In addition to describing the incident leading to Townsend's arrest on July 9, 2016, Sgt. Houston established Townsend was a convicted felon when he was arrested. Additionally, Townsend testified on his own behalf. After deliberation, the jury returned a unanimous verdict of guilty as charged.
On March 13, 2017, Townsend filed a motion for a post-verdict judgment of acquittal, which was denied by the trial court on March 27, 2017.[1] That same day, the trial court sentenced Townsend to 12 years at hard labor without the benefit of probation, parole, or suspension of sentence. The trial court also ordered Townsend to pay a fine of $1,000.00 and to pay $250.00 to the Indigent Defender's Office. On March 30, 2017, Townsend filed a motion to reconsider sentence which was also denied by the trial court. This appeal by Townsend ensued.[2]
DISCUSSION
Townsend's sole assignment of error challenges his sentence. Townsend argues that, as he was only charged with possession of a firearm or carrying of a concealed weapon by a convicted felon, the trial court erred in considering his passing of a vehicle in a no-passing zone prior to his arrest as an aggravating factor during his sentencing. Townsend adds that the trial court contradicted itself by also considering Townsend's illegal passing of a vehicle as a mitigating factor. Townsend also argues that the trial court mistakenly stated that he used his firearm, when the evidence shows that he did not remove his firearm from his person, and Sgt. Houston only discovered the weapon while conducting a pat-down search. Finally, Townsend argues that the trial court erred in not considering the mandates of La. C. Cr. P. art. 894.1 during his sentencing. We disagree.
The trial court is granted wide discretion when imposing a sentence within the minimum and maximum limits allowed by the statute; therefore, a sentence will not be set aside as excessive unless the defendant shows the district court abused its discretion. State v. Mosley , 51,168 (La. App. 2 Cir. 06/21/17), 223 So.3d 158 ; State v. Young , 46,575 (La. App. 2 Cir. 09/21/11), 73 So.3d 473, writ denied , 2011-2304 (La. 03/09/12), 84 So.3d 550. A trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, consequently, is given broad discretion in sentencing. State v. Zeigler , 42,661 (La. App. 2 Cir. 10/24/07), 968 So.2d 875. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque , 46,515 (La. App. 2 Cir. 09/21/11), 73 So.3d 1021, writ denied , 2011-2347 (La. 03/09/12), 84 So.3d 551.
To determine whether a sentence is excessive, the reviewing court must apply a two-pronged test. State v. Johnson , 51,430 (La. App. 2 Cir. 07/05/17), 224 So.3d 505 ; State v. Bass , 51,411 (La. App. 2 Cir. 06/21/17), 223 So.3d 1242. First, the record must show that the trial court considered the criteria set forth in *769 La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983) ; State v. Johnson, 48,320 (La. App. 2 Cir. 11/20/13), 127 So.3d 988. The goal of La. C. Cr. P. art. 894.1 is the articulation of the factual basis for a sentence, not rigid or mechanical compliance with its provisions. If the record clearly demonstrates an adequate factual basis for the sentence imposed, remand is unnecessary. This includes cases where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Jones, 398 So.2d 1049 (La. 1981) ; State v. Johnson, supra ; State v. Ates, 43,327 (La. App. 2 Cir. 08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La. 05/15/09), 8 So.3d 581. The factors to be considered by the trial court are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. There is no requirement that specific matters be given any particular weight at sentencing. State v. Taves, 2003-0518 (La. 12/03/03), 861 So.2d 144 ; State v. Thompson , 50,392 (La. App. 2 Cir. 02/24/16), 189 So.3d 1139, writ denied , 2016-0535 (La. 03/31/17), 217 So.3d 358.
Second, a sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 01/14/03), 839 So.2d 1 ; State v. Bass, supra . A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La. 01/15/02), 805 So.2d 166 ; State v. Johnson, supra. To constitute an excessive sentence, a court must find that the sentence makes no reasonable contribution to acceptable penal goals. State v. Griffin , 2014-1214 (La. 10/14/15), 180 So.3d 1262.
At the time of the offense, pursuant to La. R.S. 14:95.1(B), possession of a firearm or carrying a concealed weapon by a convicted felon was punishable by a fine of not less than $1,000.00 and not more than $5,000.00 and imprisonment at hard labor for not less than 10 and not more than 20 years without the benefit of probation, parole, or suspension of sentence.
At sentencing, the trial court recited the facts of the case and informed Townsend of the maximum and minimum sentences, as well as his right to post-conviction relief. The trial court also noted that it had received and considered a letter from Townsend's mother when determining his sentence.
The trial court specifically addressed La. C. Cr. P. art. 894.1(A), stating that it believes there is an undue risk that Townsend would commit another crime if given a suspended sentence or probation, is in need of correctional treatment, and a lesser sentence would deprecate the seriousness of the offense. The trial court also noted that it considered all the factors enumerated in La. C. Cr. P. art. 894.1(B). Specifically, the trial court noted Townsend's illegal passing did indeed create a risk of great bodily harm to every single person on the road that day.[3] When considering *770 mitigating factors, the trial court looked at subsections (22) and (23) of the article and found that although Townsend's conduct, i.e. , possession of a firearm, created the great possibility of harm to others, it did not actually cause harm. Moreover, Townsend did not contemplate that his actions, namely possessing the firearm, would cause harm to others.
An adequate factual basis for the imposed sentence is evident in the record. Moreover, the sentence is not constitutionally excessive. Townsend faced a maximum sentence of 20 years at hard labor without benefits and a maximum fine of $5,000.00. The midrange sentence imposed by the trial court is lawful and does not shock the sense of justice. This assignment is without merit.
CONCLUSION
For the aforementioned reasons, the conviction and sentence of James Henry Townsend, III are affirmed.
AFFIRMED .

Following the denial of Townsend's motion for a post-verdict judgment of acquittal, Townsend waived the 24-hour sentencing delay provided by La. C. Cr. P. art. 873.

In addition to his brief by appellate counsel, on September 29, 2017, Townsend filed an untimely pro se response to the state's brief reasserting the argument raised by his appellate counsel and asking for this Court's lenience.

The trial court also noted subsection (B)(10) of the article, "The offender used a dangerous weapon in the commission of the offense." Considering that, the trial court observed, "Obviously, having possession of a firearm is using-or a dangerous weapon was involved." Although the elements of the charged offense were met in that Townsend, a convicted felon, possessed a weapon, we note he did not "use" a dangerous weapon as envisioned by art. 894(B)(10) merely by possessing it.