432 So.2d 250 (1983)
STATE of Louisiana
v.
Johnny EVERETT.
No. 82-KA-0976.
Supreme Court of Louisiana.
May 23, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Walter Lee Perkins, Asst. Dist. Atty., for plaintiff-appellee.
James D. Sparks, Jr., Monroe, for defendant-appellant.
*251 LEMMON, Justice.
This is an appeal from a conviction of attempted aggravated rape and a sentence to 50 years imprisonment without benefit of parole, probation or suspension of sentence. The only issues on appeal relate to the sentence.
The record does not contain a transcript of the trial testimony, but does contain a copy of defendant's statement to the police on the day after the incident. According to the recorded statement in defendant's own words, he and two companions were standing on the street when two female friends approached. Defendant, 18 years old, and Jane Smith (a fictitious name), 16 years old, "started playing ... like we always do", and he chased her behind a store and "caught her around the neck". When his companions arrived behind the store, the three boys forced Jane to the ground and removed her clothes while she screamed. Defendant then climbed on top of her and unsuccessfully attempted to have intercourse with her. Defendant did not hit the victim, but did pull her hair when she bit him. Defendant's companions then opened Jane's legs and inserted their fingers in her vagina. The three young men ran, however, when the police arrived, having been summoned by Jane's companion. Defendant was arrested later at his home.
Defendant admitted to the police that he and his companions intentionally attempted to have sex with Jane against her will.[1] He claimed that he and Jane were "close friends", but that he had never before had sex with her.
After defendant was convicted on a 10 to 2 verdict, the trial judge sentenced defendant to 50 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
A review of the sentence and sentencing procedure reveals three problems with respect to the sentence which was imposed. First, the penalty for attempted aggravated rape provides that the offender "shall be imprisoned at hard labor for not more than fifty years". La.R.S. 14:42 and 14:27D(1). There is no provision in the statutes for denial of parole, probation or suspension of sentence, and the denial of these benefits in defendant's sentence requires that the sentence be set aside as illegal. See State v. Green, 391 So.2d 833 (La.1981).
Second, while the penalty provision for the completed offense of aggravated rape requires a mandatory sentence of life imprisonment, the penalty provision for attempted aggravated rape does not provide for a mandatory sentence. The trial judge had available the full range of sentencing discretion, from probation to 50 years imprisonment, depending on the circumstances of the offense and the character and propensities of the offender. The sentence must reflect that the trial judge reasonably exercised that discretion. See State v. Wimberly, 414 So.2d 666 (La.1982); Woolsey v. United States, 478 F.2d 139 (8th Cir.1973). See also State ex rel. Robertson v. Maggio, 341 So.2d 366 (La.1976). In this case, however, the trial judge mistakenly believed that the penalty for attempt was also mandatory and hence imposed the maximum sentence without being aware of his duty to consider the full range of sentencing alternatives.
Finally, the trial judge (possibly because he mistakenly considered the sentence to be mandatory) failed to comply with La.C.Cr.P. Art. 894.1C, which requires that the judge "state for the record the considerations taken into account and the factual basis therefor in imposing sentence".
In sentencing defendant, the trial judge made the following statement:
"The Court in reviewing the presentence [investigation report] finds that this is an eighteen year old male that has no prior felonies, no prior misdemeanors, no prior juvenile record. A jury found the defendant guilty. The Court finds that by *252 the jury's determination then that it would be classified as a serious and violent act against the person. Considered his age, the seriousness of the offense, and that the legislature specifically prescribes the penalty to be given this case, but even if the sentence was not mandatory, the seriousness of the offense would dictate the sentence to be imposed. The defendant is sentenced by statute and by the seriousness of the offense to fifty years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The Court will hand down its sentencing considerations to be filed in the record."[2]
Such a procedure is improper. The review of the sentencing guidelines contained in La.C.Cr.P. Art. 894.1 should be undertaken before sentence is pronounced. The guidelines are intended to assist the trial judge in reaching a decision on an appropriate sentence for the particular offense and the particular offender. Therefore, a review of the guidelines after pronouncement of sentence does not serve the intended purpose.[3] Furthermore, the sentencing considerations should be stated on the record, in the presence of defendant and his counsel, in order that any inaccurate considerations can be corrected before sentence is pronounced.
Other than stating that the crime was a serious and violent act against the person, the judge did not state any basis for imposing the maximum sentence, which is ordinarily reserved only for the worst kind of offense and the worst kind of offender.[4] As defendant's appellate counsel points out, this attempted rape did not involve the use of a gun or knife, the causing of permanent physical injury, an intrusion into the victim's home, the use of beatings or brutal threats, or a victim of an especially tender age.[5] Furthermore, the judge's "894.1 statement" did not indicate that he considered certain mitigating circumstances noted in the presentence report, namely that defendant quit school at age 17 in order to assist his mother, who provided the sole support for her six children (defendant and his five siblings), and that defendant had been drinking, a factor which bears on the likelihood of recurrence.
Because of the illegality of the sentence, the judge's mistaken belief that the sentence was mandatory, and the incomplete compliance with Article 894.1, the sentence must be set aside.[6]
Accordingly, the conviction is affirmed, but the sentence is set aside, and the case is remanded for resentencing in accordance with law, after consideration of the circumstances of the particular offense and the *253 character and propensities of the particular offender.
DENNIS, J., concurs.
NOTES
[1] Defendant's statement to the agent conducting the presentence investigation presented a slightly different version, in which he claimed he had paid Jane for having sex with him and had been put off when his friends arrived behind the store.
[2] The sentencing considerations were supplied by the judge on a one-page form, as follows:

"1. Prior Offenses:
No prior misdemeanor or felony.
"2. Type Offenses: (i.e., whether a lesser sentence would deprecate the seriousness of the offense)
Serious violent act against a person.
"3. Whether the defendant is in need of correctional treatment or custodial environment:
Considered age, seriousness of offense; Legisla[ture] prescribes penalty but even if sentence not mandatory seriousness of offense would dictate a like sentence." (Emphasis indicates portions completed by judge.)
[3] The record does not indicate whether the judge filled in the blanks on the sentencing considerations form before or after he pronounced sentence. Nevertheless, the considerations were not revealed to defendant or his counsel at the time of sentencing.
[4] With no juvenile or adult record of arrests or convictions, defendant hardly qualified as the worst kind of offender.
[5] Indeed, counsel argues that the evidence of the circumstances of the incident pointed more to crimes of attempted forcible rape or attempted sexual battery.

Additionally, defendant's two co-offenders (approximately the same age) pleaded guilty to lesser crimes (one to contributing to the delinquency of a juvenile and the other to attempted forcible rape) and received sentences of two and eight years respectively.
[6] This court generally does not remand for resentencing, despite lack of Article 894.1 compliance, when the record plainly supports the sentence imposed [State v. Day, 391 So.2d 1147 (La.1980)] or if the sentence is not apparently severe [State v. Jones, 381 So.2d 416 (La. 1980)].