# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 10-1278

STATE OF LOUISIANA

VERSUS

EDWARD CHARLES MORRIS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 9038-07
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### ULYSSES GENE THIBODEAUX
### CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**AFFIRMED.**

John Foster DeRosier
District Attorney - 14th Judicial District Court
Carla Sue Sigler
Assistant District Attorney - 14th Judicial District Court
P. O. Box 3206
Lake Charles, LA 70602-3206
Telephone: (337) 437-3400
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Mark Owen Foster
Louisiana Appellate Project
P. O. Box 2057
Natchitoches, LA 71457
Telephone: (318) 572-5693
COUNSEL FOR:
    Defendant/Appellant - Edward Charles Morris

**Edward Charles Morris**
**AVC Cajun 3, D2**
**1630 Prison Rd.**
**Cottonport, LA 71327**
**Defendant Appellant**

**THIBODEAUX, Chief Judge.**

Edward Charles Morris shot his cousin three times at close range and subsequently pled guilty to the crime of attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1. The trial court imposed the maximum sentence of fifty years under La.R.S. 14:27. Mr. Morris appeals the sentence as excessive. For the reasons set forth below, we affirm the sentence of the trial court.

I.

**ISSUES**

We must decide whether the trial court abused its discretion in sentencing Mr. Morris to fifty years for attempted second degree murder.

II.

**FACTS AND PROCEDURAL HISTORY**

At a family gathering, while apparently arguing over family property taxes, Edward Charles Morris, age sixty-five, shot his first cousin, Johnny Levings, three times at close range, in the chest, knee, and groin area. An arrest warrant was issued, and Mr. Morris was charged with attempted second degree murder in violation of La.R.S. 14:30.1 and La.R.S. 14:27. He was also charged with illegal possession of stolen firearms in violation of La.R.S. 14.69.1, and with possession of a firearm by a person convicted of certain felonies in violation of La.R.S. 14:95.1.

Mr. Morris pled guilty to the charge of attempted second degree murder and waived his constitutional rights, including his right to a jury trial and an appeal of the conviction. The victim, Mr. Levings, survived the shooting but died of pneumonia prior to Mr. Morris' sentencing. The trial court sentenced Mr. Morris to the maximum sentence of fifty years for attempted second degree murder, pursuant

to La.R.S. 14:27 and R.S. 14:30.1, and pursuant to the sentencing guidelines in La.Code Civ.P. art. 894.1. Mr. Morris appeals the sentence as excessive.

III.

## STANDARD OF REVIEW

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Salameh*, 09-1422, p. 4 (La.App. 3 Cir. 5/5/10), 38 So.3d 568, 570 (quoting *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331)).

IV.

## LAW AND DISCUSSION

Mr. Morris contends that the trial court erred in imposing the maximum sentence of fifty years because the record does not support the sentence. We disagree. Under La.R.S. 14:30.1, the crime of second degree murder is punishable "by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." La.R.S. 14:30.1(B).

2

Under La.R.S. 14:27, which addresses punishment for *attempted* crimes, "[i]f the offense so attempted is punishable by death or life imprisonment, [the defendant] shall be imprisoned at hard labor for *not less than ten nor more than fifty years* without benefit of parole, probation, or suspension of sentence." La.R.S. 14:27(D)(1)(a) (emphasis added).

Citing the supreme court in *State v. Telsee*, 425 So.2d 1251 (La.1983), the fifth circuit in *State v. Lisotta*, 98-648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, provided three factors to be considered by a court in reviewing a trial judge's sentencing discretion: (1) the nature of the crime; (2) the nature and background of the offender; and, (3) the sentence imposed for similar crimes by the same court and other courts.

At the hearing on the plea agreement, the trial court ordered a pre-sentence investigation report on Mr. Morris. The record reveals that Mr. Morris is a recidivist, with approximately forty charges in forty years. He was charged with manslaughter in 1966 and with first degree murder in 1979. The 1979 charge was amended to manslaughter; he was convicted and served eighteen years. The district attorney argued that Morris had killed three people prior to Mr. Levings, but the trial court considered only the convictions. Mr. Morris was arrested for numerous, and repeated, violent crimes between the ages of twenty-four and sixty-four, including aggravated battery with a dangerous weapon, armed robbery, fighting, theft, burglary, and aggravated assault. Mr. Morris was also arrested for illegal carrying of weapons, drunkenness, disturbing the peace, forgery, non-support, and numerous charges relating to possession of various drugs and controlled dangerous substances.

At Mr. Morris' sentencing hearing, he asserted that the sentence was too long because of his age, that he was remorseful, that he had shot in self-defense because his cousin went for a gun in his pocket, and that someone else shot at him to

keep him from shooting his cousin.  Under *Lisotta* factor number (1), the trial court

commented on the violent nature of the crime and the fact that Mr. Levings was now

dead and might not have succumbed to pneumonia if he had not been in a weakened

condition.  Mr. Levings' family reportedly thought that Mr. Morris should have been

charged with murder.  Under *Lisotta* factor number (2), the nature of the offender, the

trial court considered Mr. Morris' record of arrests and convictions, along with the

sentencing guidelines and factors of Article 894.1 of the Louisiana Code of Criminal

Procedure, stating as follows:

> I have reviewed the presentence investigation report on
> Mr. Morris.  I have reviewed his extensive criminal history
> dating back to 1966.  There's a lot of violence throughout
> the course of this criminal history in addition to burglaries
> and thefts and crimes involving weapons, including a
> manslaughter in 1979.  He was actually found guilty by a
> jury in 1980.  He was found guilty of manslaughter.
>
> Mr. Morris was considered a fifth felony offender in
> light of all his four prior felonies.
>
> . . . .
>
> Particularly what stands out most in my mind at this
> point is the manslaughter.  He killed somebody and here
> we are again, shot somebody, shot his own cousin three
> times and when you compare that history with his version
> of what happened I just don't find it to be credible.
>
> . . . .
>
> Mr. Morris through his whole adult life apparently, from
> the 1960's until the present time, has demonstrated that he
> could not handle being in society without being violent,
> without demonstrating his violent tendencies . . . an
> indication to me that . . . society needs to be protected
> from Mr. Morris and the fact that he's 65 years old
> obviously hasn't kept him from being mad and being
> violent because he was in his 60's when he shot his cousin.
>
> . . . .
>
> [H]e obviously is a dangerous person on the inside and
> cannot be trusted to ever be in society again.  Otherwise we
> put people's lives at risk.  I would suggest no matter how

old he gets, and let me also say that I have considered the sentencing guidelines under article 894.1 the mitigating and aggravating factors, and I believe that with Mr. Morris's fifth this being his fifth felony offense and at a minimum his second violent felony, if not his third or fourth, that he's just a dangerous person and cannot be allowed to continue on in society. And because of that . . . as you stand here before me you are a dangerous person, Mr. Morris, even though you may not agree with it. It sounds like you probably have justification in your mind for every crime you've committed since 1966, but I can tell you this life of crime that you've led demonstrates to me that you are a dangerous person and you shot your own cousin three times . . . and I think you're one of those people because of the life that you've led and the type of crimes that you've chosen to commit you're one of those people that the maximum sentences is made for and I'm going to sentence you to serve 50 years with the Louisiana Department of Corrections without . . . benefit of probation parole, or suspension of sentence.

The trial court referred to another dangerous defendant of the same age of sixty-five, to whom he had recently given the maximum sentence allowed, although it was clear that the trial court had individualized the fifty-year sentence to Mr. Morris.

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Salameh*, 38 So.3d at 570-71 (quoting *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061)).

Under *Lisotta* factor number (3), the sentences imposed for similar crimes by the same court and other courts, the fifty-year sentence that Mr. Morris received is not excessive as it is supported by the record and by the jurisprudence in

5

this jurisdiction and in others. *See State v. Sarpy*, 10-700 (La.App. 3 Cir. 12/8/10), 52 So.3d 1032 (sentence of fifty years in prison at hard labor imposed on the defendant on his conviction for attempted second-degree murder was not excessive, and, thus, did not violate the constitutional prohibition on cruel or excessive punishment); *State v. Rhea*, 03-1273 (La.App. 5 Cir. 2/23/04), 868 So.2d 863 (the trial court's imposition of a fifty-year sentence on the defendant convicted of attempted second degree murder was not an abuse of discretion); *State v. Ross*, 42,399 (La.App. 2 Cir. 8/29/07), 965 So.2d 610 (sentence of fifty years at hard labor for attempted second degree murder conviction was not excessive; the trial court noted the pre-sentence investigation report, the serious physical injuries sustained by the victim, that the sentence did not shock our sense of justice; there was no abuse of discretion, considering the violent nature of the crime and the potential for multiple victims).

## V.

## <u>CONCLUSION</u>

For all of the above reasons, we affirm the sentence as imposed by the trial court upon Edward Charles Morris for attempted second degree murder pursuant to La.R.S. 14:30.1 and La.R.S. 14:27.

**AFFIRMED**.