# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-432


**STATE OF LOUISIANA**

**VERSUS**

**JASON BENNETT**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 11094-13
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John E. Conery, Judges.


**SENTENCE AFFIRMED IN PART;**
**REMANDED FOR PARTIAL RESENTENCING.**


**John Foster DeRosier**
**District Attorney - 14th Judicial District**
**Karen C. McLellan**
**Assistant District Attorney - 14th Judicial District**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**Telephone:  (337) 437-3400**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**


**Elizabeth Brooks Hollins**
**Assistant District Attorney – 14th Judicial District**
**901 Lakeshore Drive - Suite 800**
**Lake Charles, LA 70629**
**Telephone:  (337) 437-3400**
**COUNSEL FOR PLAINTIFF APPELLEE:**
    **State of Louisiana**

**Tara B. Hawkins**
**Chief Felony Prosecutor – 14th Judicial District**
**901 Lakeshore Drive – Suite 600**
**Lake Charles, LA 70602-2142**
**Telephone:  (337) 437-3400**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**

**Brent A. Hawkins**
**P. O. Box 3752**
**Lake Charles, LA 70602**
**Telephone:  (337) 210-8811**
**COUNSEL FOR:**
     **Defendant/Appellant - Jason Bennett**

**THIBODEAUX, Chief Judge.**

Defendant Jason Bennett was charged by a bill of indictment with one count of vehicular homicide, in violation of La.R.S. 14:32.1. Mr. Bennett pled no contest to the charge and was sentenced to twenty years at hard labor with the Department of Corrections, with eight of those years suspended and five years of supervised probation upon release. Mr. Bennett's motion to reconsider, alleging that the sentence he received was excessive because he did not receive credit for the time he spent incarcerated on another charge in Livingston Parish during the pendency of this case, was denied. Mr. Bennett now appeals claiming that his sentence is unconstitutionally excessive. The State alleges that the sentence is illegally lenient because of the trial court's failure to impose a parole, probation or suspension of sentence restriction. We conclude the sentence is not excessive, and we remand for the correction of the illegally lenient sentence.

## I.

## ISSUES

We must determine:

(1)     whether the twenty-year sentence imposed by the trial court is an unconstitutionally excessive sentence for Mr. Bennett; and

(2)     whether the sentence is illegally lenient pursuant to La.R.S. 14:32.1(B).

## II.

## FACTS AND PROCEDURAL HISTORY

On September 24, 2012, at approximately 4:20 am, Mr. Bennett was involved in a two-car collision on Interstate 10 on the bridge crossing the Calcasieu

River. The vehicle driven by Mr. Bennett was occupied by three other individuals, including Derrick Barton, who was killed as a result of the accident.

Mr. Bennett's vehicle collided with a truck that was being driven ahead of him. Mr. Bennett attempted to avoid impact with the vehicle by steering left into the left-hand lane of the interstate. He was unsuccessful in avoiding contact. The contact with the truck caused the death of the front seat passenger of Mr. Bennett's car, Mr. Derrick Barton. Subsequent lab results from the blood work obtained from Mr. Bennett on the morning of the crash revealed that he tested positive for methamphetamine, amphetamine, and opiates, specifically Oxycodone.

Mr. Bennett was charged by bill of indictment with one count of vehicular homicide. Mr. Bennett pled no contest to the charge and was sentenced to twenty years at hard labor with the Department of Corrections, with eight of those years being suspended and five years of supervised probation upon release; he was ordered to pay $75 a month in supervision fees while on probation, as well as $2,000 fine plus court costs to be paid during his probationary time; he was further ordered to pay $400 to the Indigent Defender Board for his representation and was offered the opportunity to do community service in lieu of his payment for his supervision fees.

III.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find there is one error patent. The trial court did not impose the required

2

parole, probation or suspension of sentence restriction and mandatory substance abuse program as part of Mr. Bennett's sentence.

IV.

## LAW AND DISCUSSION

### *Illegal Leniency*

In his assignment of error, Mr. Bennett contends that his sentence is unconstitutionally excessive. However, the State has properly raised an illegal leniency claim regarding the trail court's failure to impose a parole restriction and required participation in a substance abuse program, as required by La.R.S. 14:32.1(B).[1] Under La.R.S 14:32.1(B): "At least three years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence." Additionally, La.R.S. 14:32.1(B) also states that the "court shall require the offender to participate in a court-approved substance abuse program and may require the offender to participate in a court-approved driver improvement program."

La.R.S. 14:32.1(B) gives the trial court discretion with regard to how much of Mr. Bennett's sentence is to be served without parole eligibility, requiring only that the minimum be three years. Because La.R.S. 14:32.1(B) requires that at least three years be imposed without benefit of parole, probation, or suspension of sentence, Mr. Bennett's sentence is illegally lenient. Furthermore, La.R.S. 14:32.1 requires that the court order Mr. Bennett to "participate in a court-approved

---

[1] The trial judge's comments during the sentencing hearing recognized that the mandatory minimum sentence for a conviction of vehicular homicide included at least three years of imprisonment without benefit of probation, parole, or suspension of sentence. This suggests that the trial judge inadvertently failed to include such a requirement in the imposition of sentence.

3

substance abuse program." For these reasons, part of Mr. Bennett's sentence must be remanded to the trial court for resentencing under La.R.S. 14:32.1(B).

*Excessiveness*

Mr. Bennett argues that he is not among the most egregious and blameworthy offenders warranting a twenty-year sentence for the offense of vehicular homicide given the facts and circumstances of this case. Mr. Bennett contends that because he took accountability for his actions the same day the accident occurred, cooperated with law enforcement, and exhibited a sense of remorse, the sentence imposed by the trial court was unconstitutionally excessive. We disagree.

The sentencing range for a first conviction of vehicular homicide under La.R.S. 14:32.1 is no less than a $2,000 fine or more than a $15,000 fine, and the defendant shall be imprisoned with or without hard labor for not less than five years or more than thirty years. Using these factors Mr. Bennett was appropriately sentenced. He pled no contest to vehicular homicide. Mr. Bennett was sentenced to twenty years with eight years suspended and a fine of $2,000. He did not receive the maximum sentence, rather the sentence was at the mid-range level.

*Standard of Review*

A sentence may be excessive, even if it falls within the statutory guidelines, "if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering." *State v. Oliphant*, 48,998 (La.App. 2 Cir. 4/9/14), 137 So.3d

4

142, 144.  In *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127, 130, this Court stated the standard of review for an excessiveness claim:

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of discretion.  A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and therefore, is given broad discretion in sentencing.  On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.

In reviewing the trial judge's sentencing decision there are three factors to be considered:  (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts.  *State v. Morris*, 10-1278 (La.App. 3 Cir. 5/4/11), 63 So.3d 389, 391.  Although comparison with other cases is an element of sentence review, "the focus of sentence review remains on the character and propensities of the offender and the circumstances of the offense."  *State v. LeBlanc*, 09-1355 (La. 7/6/10), 41 So.3d 1168, 1173.

*Discussion*

While Mr. Bennett was a first felony offender at the time of his plea, there was a pending drug possession charge against him when this vehicular accident occurred.  Mr. Bennett was subsequently put on probation for the possession charge after this offense.  At the sentencing hearing, the trial court found Mr. Bennett's previous arrest and potential jail time as a result of drug usage to be an aggravating factor.  Furthermore, the trial court found that Mr. Bennett's

5

continual drug use created an undue risk that during a period of suspended sentence he would commit another crime.

In addition, the trial court found that a lesser sentence would deprecate the seriousness of Mr. Bennett's crime. At the time of this offense Mr. Bennett had oxycodone, amphetamine, and methamphetamine in his system. The trial judge noted that Mr. Bennett should have known of the vulnerability of the passengers, as well as himself, because of his impairment. His drug use created a risk of great bodily harm or death to more than one person and was considered an aggravating factor. The trial judge poignantly noted "[t]he offenses clearly resulted in significant permanent injury to the family, loss of a father, loss of a son. He was, as indicated before, in control of the situation in operating the vehicle and accepting responsibility."

The *Morris* factors require that the court look at sentences imposed for similar crimes by the same court and other courts. *Morris*, 63 So.3d 389. In *State v. Kotrla*, 08-364 (La.App. 3 Cir. 11/5/08), 996 So.2d 1224, this Court affirmed the sixteen-year, hard labor sentence of a defendant convicted of vehicular homicide. The court noted that while the defendant had no prior felony convictions, the fact that his blood alcohol concentration was twice the legal limit at the time of the offense, and that his actions resulted in the death of a human being and serious bodily injury to two others, the sentence imposed was appropriate.

In *LeBlanc*, 41 So.3d 1168, the Louisiana Supreme Court held that the trial court's sentence of the maximum term of thirty-year imprisonment at hard labor, with three years without benefit of parole, was not an excessive sentence for defendant convicted of vehicular homicide. In affirming the trial court's sentence,

6

the court noted that because the defendant was addicted to drugs she posed an undue risk of committing other crimes if given a suspended sentence. The court further acknowledged the trial court's statement that although the defendant was a first offender she had knowingly created a risk of death or great bodily harm to more than one person by driving under the impairment of a cocktail of illegal drugs.

Last, in *Oliphant*, 137 So.3d 142, the second circuit affirmed the eighteen-year sentence of a defendant who pled guilty to vehicular homicide after killing one person and injuring another. In affirming the trial court's sentencing decision, the court noted that there was an undue risk that during the period of a suspended sentence or probation the defendant would commit another crime and that any lesser sentence than the one the court had imposed would deprecate the seriousness of the defendant's crime. *Id.* "Considering the severe consequences of his crime, one man was killed and another injured, we cannot say the sentence was excessive." *Id*. at 148.

Mr. Bennett has failed to show how the trial court abused its discretion. A lesser sentence would have deprecated the seriousness of this offense which resulted in the death of Derrick Barton. At the time of the accident, Mr. Bennett was impaired and should have been aware of the great risk he placed on both himself and his passengers by driving under the influence. Mr. Bennett was fairly and appropriately sentenced and has failed to demonstrate that the trial court imposed an unconstitutionally excessive sentence.

V.

**CONCLUSION**

For the following reasons, we find that Mr. Bennett's sentence is not unconstitutionally excessive. We affirm Mr. Bennett's sentence in part and remand in part for resentencing pursuant to La.R.S. 14:32.1(B).

**SENTENCE AFFIRMED IN PART; REMANDED FOR PARTIAL RESENTENCING.**