STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-162

STATE OF LOUISIANA

VERSUS

GEORGE MCKINNEY, JR.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12652-20
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

**WILBUR L. STILES**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

**Walter M. Sanchez**
**Jennifer E. Jones**
**Sanchez Burke LLC**
**1200 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-4405**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**George McKinney, Jr.**

**Hon. Stephen C. Dwight**
**14th Judicial District, District Attorney**
**Post Office Box 3206**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**David S. Pipes**
**14th Judicial District, Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**STILES, Judge.**

On remand from this court, the trial court vacated Defendant's initial sentence for vehicular homicide and resentenced Defendant to thirty years, with the first three years to be served without benefit of probation, parole, or suspension of sentence. The trial court suspended seven years of Defendant's sentence and placed him on supervised probation for three years upon his release. Defendant was further ordered to pay restitution for costs associated with the victim's death. Defendant appeals his sentence, asserting that the thirty year sentence is excessive. For the reasons discussed below, we affirm Defendant's sentence.

## FACTS AND PROCEDURAL HISTORY

On October 29, 2020, Defendant George McKinney, Jr. was arrested and charged with one count of Driving While Intoxicated, 1st offense, in violation of La.R.S. 14:98, one count of Careless Operation of a Motor Vehicle, in violation of La.R.S. 32:58, and one count of Vehicular Homicide in violation of La.R.S. 14:32.1. On November 17, 2020, he was charged by bill of information with one count of Vehicular Homicide, with a blood alcohol reading of 0.8 or higher, in violation of La.R.S. 14:32.1. On February 25, 2021, approximately three months after being billed with vehicular homicide, Defendant withdrew his previous plea of not guilty and pleaded guilty to the charge. The State submitted the following factual basis at the guilty plea proceeding:

> If brought to trial the State would prove beyond a reasonable doubt that on or about October 29, 2020[,] deputies with the Calcasieu Parish Sheriff's Office were dispatched to a single vehicle crash involving a pedestrian. Upon arrival they did locate the driver of the vehicle, that being the defendant, Mr. George McKinney, Jr. Upon interviewing Mr. McKinney[,] they did see physical signs of impairment, including an overwhelming odor of alcoholic beverage, slurring of words, and stopping

speaking mid-sentence, as well as red, bloodshot eyes. They did ask Mr. McKinney to do standardized field sobriety, which he did and performed poorly. Upon that poor performance they did arrest him and transport him to Calcasieu Parish Sheriff's Office in order to provide a proper beath sample. That breath sample was given and was given as a .173 BAC.

The victim in this case, Mr. Jason Webb, was transported to the hospital and subsequently pronounced deceased.

Defendant's counsel requested a Pre-Sentence Investigation Report (PSI), which was ordered by the trial court. However, the PSI was not completed. Defendant's counsel waived any objection and elected to proceed with Defendant's sentencing without the PSI.

Subsequently, on May 21, 2021, the trial court sentenced Defendant to serve thirty years with the Department of Corrections, suspended seven years, and placed Defendant on supervised probation for five years. The trial court imposed the general terms and conditions of probation set forth in La.Code Crim.P. arts. 895 and 895.1 and several special conditions, including a $7,500.00 fine, restitution, and 1,000 hours of community service, directly related to the prevention of impaired driving, i.e., talking with high school students, college students, and driver's education students.

Defendant filed a Motion to Reconsider Sentence, which was denied, in part, by the trial court at a hearing held August 13, 2021. The trial court did, however, clarify that fifty percent of the community service activities imposed as a condition of Defendant's probation could be converted into other court-approved services, but emphasized that the main focus of the community service would remain prevention of impaired driving.

Defendant appealed his sentence as excessive to this court. In *State v. McKinney*, 21-721 (La.App. 3 Cir. 4/6/22), 337 So.3d 931, this court affirmed Defendant's conviction but vacated his sentence as indeterminate and remanded the case for resentencing. The panel instructed:

> Defendant's conviction is affirmed. Defendant's sentence is vacated as indeterminate and the matter is remanded for resentencing. The trial court is instructed that if restitution is again imposed as a condition of probation, the amount must be specified pursuant to the procedures set forth in La.Code Crim.P. art. 895.1. The trial court is instructed to establish a payment plan for any fines, costs, restitution, or fees imposed as a condition of probation. The payment plan may either be determined by the trial court or by the Office of Probation and Parole with approval by the trial court.
>
> Additionally, the trial court is instructed to specify the amount of time that is to be served without benefit of probation, parole, or suspension of sentence in accordance with La.R.S. 14:32.1(B). If any portion of Defendant's sentence is suspended, the probation period imposed should not exceed three years in accordance with La.Code Crim.P. art. 893. Considering the particular facts of this case, the trial court must also order the Defendant to participate in a court-approved substance abuse program pursuant to La.R.S. 14:32.1(B).
>
> Finally, the trial court is instructed to specifically particularize the sentence imposed and must consider and articulate for the record not only the aggravating factors, but also all mitigating factors it may find applicable pursuant to La.Code Crim.P. art. 894.1.

*McKinney*, 337 So.3d at 938-39.

On remand, Defendant's counsel filed a Motion for Pre-Sentence Investigation, which the trial court granted on July 5, 2022. At the subsequent August 19, 2022 hearing on resentencing, the trial court vacated the original sentence and resentenced Defendant to serve thirty years with the Department of Corrections, with the first three years to be served without benefit of probation, parole, or suspension

of sentence. The trial court suspended seven years of Defendant's sentence and placed him on supervised probation for three years, upon his release, with several conditions of probation, including restitution to Mr. Webb's family members ($8,816.00 for the victim's head stone and $11,106.05 for funeral expenses), a monthly supervision fee, and 300 hours of court-approved community service (100 hours per year of probation). The trial court ordered seventy-five percent of the community service hours to be devoted to DWI prevention. Among other conditions, the trial court ordered Defendant to submit to a substance abuse evaluation and enroll in a driver-improvement program. For the restitution imposed, the trial court ordered the Office of Probation and Parole to prepare a payment plan and submit it to the trial court.

Defendant filed a Motion to Reconsider Sentence, which the trial court denied on January 24, 2023. However, the trial court clarified that Defendant must perform 100 community service hours per year, with a minimum of thirty hours to be focused on DWI prevention. Defense counsel objected to the ruling.

Defendant appeals, advancing two assignments of error:

**ASSIGNMENTS OF ERROR**

1. The trial court abused its discretion by only considering aggravating factors inherent in the crime of vehicular homicide, failing to adequately consider the defendant's background and any mitigating factors, and by failing to state for the record an adequate factual basis for the sentence imposed before a sentence was imposed in violation of La.Code Crim.Pro. art. 894.1.

2. The trial court abused its discretion in imposing a sentence upon the defendant that was cruel, unusual, and excessive, in violation of La.Const. art. I, § 20.

**DISCUSSION**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. That review reveals no errors patent requiring correction. We turn to consideration of Defendant's assigned errors.

*Sentencing*

By both assignments of error, Defendant maintains that the trial court abused its discretion in imposing a sentence of thirty years of incarceration with seven years suspended and three years of supervised probation subject to special conditions upon release.

Louisiana Code of Criminal Procedure Article 894.1

Defendant first maintains that the trial court failed to consider relevant mitigating and aggravating factors and further failed to state for the record the factual basis for the sentence imposed. *See* La.Code Crim.P. art. 894.1. Defendant contends that the trial court instead focused on 2017 legislative changes in the provision and only cited aggravating factors that are inherent in the crime of vehicle homicide. *See* La.R.S. 14:32.1(A)(2). In particular, Defendant points out that "the loss of a human life is at the core of the crime of vehicle homicide." Defendant suggests the trial court failed to take into account a number of mitigating factors, including whether he lacked specific intent to cause or threaten serious harm. Defendant asserts that the trial court should have further considered that he lacks a criminal history, that the circumstance of the offense is unlikely to recur, and that Defendant is likely to respond affirmatively to rehabilitation. Defendant argues that the trial court otherwise only "vaguely referenced" Defendant's age, remorse, and religious

5

background. According to Defendant, failure to appropriately consider the mitigating factors resulted in an excessive sentence.

Louisiana Code of Criminal Procedure Article 894.1 enumerates aggravating and mitigating factors to be considered by the trial court in imposing sentence, and requires that the trial court "shall state for the record the considerations taken into account and the factual basis thereof in imposing sentencing." La.Code Crim.P. art. 894.1(C). The supreme court has explained that the trial court need not articulate every aggravating and mitigating circumstance of Article 894.1. *State v. Smith*, 433 So.2d 688 (La.1983). *See also State v. Charles*, 20-498 (La.App. 3 Cir. 5/5/21), 318 So.3d 356. The record must instead reflect that the court considered the guidelines in particularizing the sentence to the defendant. *Id.*

Despite the mandate of Article 894.1, the "failure to comply with article 894.1 does not automatically render a sentence invalid." *State v. Smith*, 34,325, p. 2 (La.App. 2 Cir. 12/20/00), 775 So.2d 640, 642. Rather, if "the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary . . . ." *Id.* The reviewing court thus considers whether the record presented is sufficient to demonstrate that the trial court did not abuse its discretion. *Id. See also Charles*, 318 So.3d 356; *State v. Decuir*, 10-1112 (La.App. 3 Cir. 4/6/11), 61 So.3d 782.

Review of the lengthy resentencing transcript demonstrates both that the trial court considered the guidelines and that it particularized the sentence to Defendant. With regard to the factors of Article 894.1(A),[1] the trial court stated:

---

[1] Article 894.1(A) provides:

A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if any of the following occurs:

(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.

And now let me get to under 894.1 the aggravating and mitigating factors. All right. Under 894.1(a), you know, it says, "When a defendant has been convicted of a felony or misdemeanor the court shall impose a sentence of imprisonment if any of the following occurs. One I don't find to be applicable necessarily. Number two, "Defendant is in need of correctional treatment or a custodial environment that could provide him most effectively by commitment to an institution." That's not necessarily what I'm relying on, but number three (a)(3) is, "A lesser sentence will deprecate the seriousness of the defendant's crime." I think that certainly is appropriate in this case[.]"

Continuing, the trial court further addressed the applicable grounds of Article

894.1(B) and explained:

[A]nd under (b), 894.1(b), "The following grounds, while not controlling the discretion of the Court, shall be accorded weight in its determination of suspension of sentence or probation." Yeah, I think that number five, (b)(5), "The offender knowingly created a risk of death or great bodily harm to more than one person," I think that is certainly true. Any time you're impaired and you decide to get behind the wheel you are certainly knowingly creating, even though most drunk drivers think they're the best drunk drivers around and they got it under control, they're certainly knowingly creating a risk of bodily harm to more than one person when they get behind the wheel. They're choosing to go out there and gamble with other people's lives. I think that certainly applies here.

And number nine, "The offense resulted in a significant permanent injury or significant economic loss to the victim or his family." I think the letters, the testimony from the sentencing hearing, speak volumes of how true that is. Well, of course, and what I just ordered in restitution certainly speaks to that as well; $20,000 is just what the funeral costs and the head stone costs. That doesn't even come close to what the other economic loss is to this family going forward. He had four children, a wife and four children, to raise and to provide for. So, the economic loss is just incalculable at this point.

Number ten, I don't know that that's contemplated. It's probably not contemplated, so I won't consider that. I guess using a dangerous weapon. I guess that's not contemplated with the vehicle necessarily,

_____

(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.

(3) A lesser sentence will deprecate the seriousness of the defendant's crime.

but all right, and then, let's see. Well, let me say this. I don't agree with number twenty-three, that, "The defendant did not contemplate that his criminal conduct would cause or threaten serious harm." I think that he may not have necessarily thought that it would cause, but he had to know that it could or threaten serious harm. I don't know that that's a mitigating factor. I'm not considering that to be a mitigating factor. I know that was suggested, but number twenty-eight, you know, it says, "The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life," it says, "for a substantial period of time before the commission of the instant crime." I mean he was twenty-two. He appears to have no criminal history, although I know the statistics show that for every time somebody gets a DWI they have driven many, many times before, impaired before they actually - - for each time they get caught, but I don't have any evidence of that before me, but I'm just saying, but apparently he has no criminal history, but then I think it was also stated in here, I mean I think it was also mentioned that, "The defendant's criminal conduct was the result of circumstances unlikely to recur." You know, I don't know that I can buy into that either because I don't know. I don't know that that's true. I mean I've had a couple of people that have had vehicular homicides that have been re-arrested for DWIs that I've had come before me, you know, so I don't know that I can necessarily say that. I mean I hope that's true, but I don't know that I can - - I mean I don't know if there's necessarily a basis for this or not. So, I mean I don't know if this is the kind of case where I can say that that is true or not, but I don't think this is the kind of case where I can say that.

I do accept that the defendant has remorse, genuine remorse. You know, the fact that he did plead quickly in this matter I think is a positive sign to try to get this resolved quickly for the family. Unfortunately, we're back here again, just kind of opened wounds back up for everybody, but anyway, but I don't think those mitigating factors are enough to offset the aggravating factors and I really believe that I am allowed to look at the sentence itself and look at the amount of time under the law that he is likely to serve. He is a trustee by all accounts, you know, from what I'm hearing, from what I hear from Mr. Sanchez. He's working in the office up there in Catahoula. He's well-behaved, you know. There's no reason to think he's not going to get his good time, which is not, just so everybody understands, the parole board, that's discretionary at twenty-five percent. The good time is not discretionary. He's going to get that. He's going to get that good time at thirty-five percent. He's not going to go in front of the parole board for them to make a decision on that. He's going to get that. Parole is they have to decide whether he gets that at twenty-five percent, but the good time is, when he's eligible for that he gets it, and I don't believe that under all these circumstances that that amount of time is anything that could possibly be considered excessive under the Constitution. In light of everything that happened in this case, under all the facts and circumstances, you know, it cannot be said to shock the conscience in

8

this Court's opinion and I've been elected to make this decision and I have broad discretion and I believe that the amount of time to be served in this case is not even close to being cruel and unusual under the Constitution, and so with that being said I think that in light of the severe nature of what happened here.

Plainly, the trial court articulated the factual basis for the sentence. Providing such a basis is the goal of Article 894.1 rather than a rigid or mechanical compliance with its provisions. *See Smith*, 433 So.2d 640. As such, the trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines. *Id.* The trial court did so, referencing the aggravating circumstances it found supported the sentence imposed. It pointedly explained that it felt that a lesser sentence would deprecate the seriousness of the offense, that Defendant knowingly created a risk of death of death or great bodily harm to more than one person, that the offense created significant permanent injury and "incalculable" economic loss due to the victim's wife and four children, and that, although Defendant may not have known the harm that his intoxicated driving would cause, "he had to know it could or threaten serious harm."

The trial court further specifically addressed and ultimately discounted certain of the mitigating factors that Defendant argues warranted a lesser sentence. For example, the trial court was unpersuaded that his age, twenty-two, was so youthful as to be a more compelling mitigating factor. The trial court was similarly unpersuaded by lack of "apparent" criminal history. While Defense counsel's brief to this court posits both that Defendant is a strong candidate for rehabilitation and that he is unlikely to repeat the offense, the trial court found these subjective factors uncompelling, stating that he didn't "know that that's true."

The trial court again rejected Defendant's repeated argument at the hearing on the Motion to Reconsider Sentence and was again adamant that its principal concern

9

was that a lesser sentence would deprecate the seriousness of the crime. *See* La.Code Crim.P. art. 894.1(A)(3). The court repeated its evaluation of the mitigating factors advanced by Defendant but explained that it either found them not objectively true or, to the extent they were applicable, outweighed by the seriousness of the offense.

In any event, the trial court provided an adequate factual basis for the sentence imposed and considered the factors of Article 894.1, simply assessing those factors differently than Defendant finds appropriate. Given the trial court's superior position to evaluate aggravating and mitigating circumstances in a particular case, its balancing of the factors is afforded broad discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So.2d 7.

Further, reference to the extensive resentencing transcript undermines Defendant's alternate position that the trial court erroneously reviewed the Article 894.1 factors "post-sentence." *Citing State v. Everett*, 432 So.2d 250 (La.1983). Instead, the trial court's evaluation of the Article 894.1 factors in this case was issued in conjunction with the imposition of sentence and revealed the trial court's reasoning. *See* La.Code Crim.P. art. 894.1(C) ("The court shall state for the record the considerations taken into account and the factual basis therefore in imposing sentence.").

This continuum in the trial court's ruling differentiates this matter from *Everett*, 432 So.2d 250, where the trial court mistakenly believed that the penalty for the defendant's offense was mandatory and imposed the maximum sentence without considering the full range of sentencing alternatives. Thus, "the trial judge (possibly because he mistakenly considered the sentence to be mandatory) failed to comply with La.C.Cr.P. Art. 894.1C . . . ." *Id.* at 251. Although the trial court in *Everett* later supplemented the record with a one-page form supplying sentencing considerations,

the supreme court found the procedure improper. Within that context, the supreme court explained that the sentencing factors were not revealed to the defendant or his counsel "in order that any inaccurate consideration can be corrected *before* sentence is pronounced." *Id.* at 252 (emphasis in the original).

In contrast, the trial court in this case articulated the Article 894.1 factors in the moments following the sentence and did so in the presence of the attorneys. Counsel was able to immediately assess those reasons in shaping its objection to the sentence and in its notice to the trial court that it would seek reconsideration of the sentence.

For these reasons, we find no merit in Defendant's contention that the trial court abused its discretion by failing to adequately consider Defendant's background and mitigating factors or state for the record an adequate factual basis for the sentence imposed.

Excessiveness of Sentence

In Defendant's second assignment of error, Defendant contends that the sentence imposed by the Trial Court was cruel, unusual, and excessive in violation of La.Const. art. 1, § 20. Focusing solely on the thirty-year term of imprisonment, Defendant asserts that the trial court imposed the "maximum sentence" available under La.R.S. 14:32.1 and did so without an adequate factual basis. He contends that his personal history, his potential for rehabilitation, and the particulars of the crime do not indicate that he is the most blameworthy offender of vehicle homicide. Rather, he notes that he stopped after the accident, contacted emergency services, and pleaded guilty within four months of the accident. Finally, Defendant asserts the trial court failed to conduct a review of sentences imposed for similar offenses. Such a review, Defendant contends, shows that defendants with greater criminal histories

11

involved in offenses with more egregious circumstances have received lesser sentences.

Louisiana Revised Statutes 14:32.1 provides the penalty for vehicular homicide as follows:

> B. Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than five years nor more than thirty years. At least three years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. If the operator's blood alcohol concentration is 0.15 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. If the offender was previously convicted of a violation of R.S. 14:98, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court shall require the offender to participate in a court-approved substance abuse program and may require the offender to participate in a court-approved driver improvement program. All driver improvement courses required under this Section shall include instruction on railroad grade crossing safety.

> C. Whoever commits the crime of vehicular homicide shall be sentenced as an offender convicted of a crime of violence if the offender's blood alcohol concentration, at the time of the offense, exceeds 0.20 percent by weight based on grams of alcohol per one hundred cubic centimeters of blood.

As to review of claims of excessive sentence, this court has explained:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than

12

a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4–5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002,

1005–06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Pertinent to Defendant's contention that he received the maximum term of

imprisonment, this court has explained:

> As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto,* 2007-2031 (La. 2/15/08), 974 So.2d 665; *State v. McKinney,* 43,061 (La.App.2d Cir. 2/13/08), 976 So.2d 802. However, the reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused

> its discretion. *State v. Esque,* 46,515 (La.App.2d Cir. 9/21/11), 73 So.3d 1021, *writ denied,* 2011-2347 (La. 3/9/12), 84 So.3d 551.

*State v. Bartie*, 22-401, p. 16 (La.App. 3 Cir. 3/8/23), 358 So.3d 266, 276 (quoting *State v. Jackson*, 48,552, pp. 33-34 (La.App. 2 Cir. 1/29/14), 132 So.3d 516, 535, *writ denied*, 14-394 (La. 9/19/14), 148 So.3d 952, *and writ denied*, 14-412 (La. 9/26/14), 149 So.3d 260).

Despite Defendant's characterization, however, the trial court did not impose the maximum sentence available under La.R.S. 14:32.1(B). The trial court instead suspended seven years of Defendant's sentence and ordered that only the first three years be served without benefit of probation, parole, or suspension. As Defendant's blood alcohol level exceeded .15, Defendant was exposed to the requirement that "*at least five years* of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence." (Emphasis added.) Neither did the trial court impose the mandatory fine of $2,000.00 to $15,000.00 as required by the statute. *See, e.g., Bartie*, 358 So.3d at 276 ("Defendant is not technically serving maximum to which he was exposed."). *See also State v. Landry*, 09-260, p. 7 (La.App. 3 Cir. 11/4/09), 21 So.3d 1148, 1153, *writ denied*, 09-2577 (La. 5/21/10), 36 So.3d 229.

Additionally, the trial court remarked at the resentencing and Motion to Reconsider Sentence hearings that Defendant's behavior thus far indicates he will receive good time and parole. "The availability of early release options[,]" the supreme court has explained, "is generally a relevant consideration in review of sentences for excessiveness." *State v. LeBlanc*, 09-1355, p. 11 (La. 7/6/10), 41 So.3d 1168, 1174.

Defendant acknowledges that early release is a relevant consideration but asserts that it does not absolve the court of particularizing a sentence. As explained above, the trial court thoroughly particularized the sentence in this case, speaking not only of the damage Defendant caused to the victim and the victim's family but to the fact that multiple lives were put at risk by Defendant's carelessness. The trial court was concerned that a lesser sentence would deprecate the seriousness of Defendant's crime which involved a blood alcohol level twice the presumptive level of intoxication well after the 5:30 a.m. offense. The trial court also noted that Defendant could help others, both while in jail and upon release. The trial court ordered Defendant to devote much of his community service time to educating others on the dangers of drunk driving.

As a further component of his excessiveness claim, Defendant contends that the trial court failed to conduct a meaningful review of sentences imposed for similar crimes. The trial court's ruling indicates otherwise, however.

Significantly, much of Defendant's argument below focused on his contention that other vehicular homicide cases in the Fourteenth Judicial District Court resulted in lesser sentences. The trial court permitted lengthy argument at the hearing on the Motion to Reconsider Sentence before observing that the majority of the cases cited by Defendant involved pleas with sentence recommendations. The trial court explained that "every case is different. Every situation is different. Every case has to be decided based on the facts and circumstances of that case." The trial court also pointed out that, as the sentencing judge in the majority of the cases cited by Defendant, he could recall factors that were not necessarily presented in the record.

In his brief to this court, Defendant points to appellate opinions which he contends demonstrate that more egregious and blameworthy defendants have

received sentences of less than the maximum allowed by La.R.S. 14:32.1. *Citing State v. Gordon*, 17-846 (La.App. 3 Cir. 3/28/18), 240 So.3d 301 and *State v. State v. Bennett*, 16-432 (La.App. 3 Cir. 12/7/16), 208 So.3d 898.

In *Gordon*, 240 So.3d 301, the defendant pleaded guilty to three counts of vehicular homicide and was sentenced to eighteen years on each count, to run consecutively. The underlying incident arose when Gordon's tractor-trailer crossed a highway centerline and struck another vehicle, killing a father and his two children. *Id.* Amphetamine and methamphetamine were detected in Gordon's urine, and Gordon also admitted to regular use of methamphetamine, including the day of the accident. *Id.* The trial court noted that Gordon had no criminal record prior to the accident. *Id.* After comparing Gordon's sentences with similar offenses, this court found the sentences were not excessive. *Id.* It should be noted, however, that although the individual sentences imposed in Gordon were less than that imposed in the present case, the trial court ordered that the three eighteen year sentences be served consecutively.

Defendant also references *Bennett*, 208 So.3d 898, a case in which the defendant pleaded no contest to vehicular homicide and was sentenced to twenty years at hard labor, with eight years suspended, five years of supervised probation, and was ordered to pay a $2,000.00 fine. Bennett tested positive for methamphetamine, amphetamine, and opiates following the crash in which his vehicle collided with a truck, killing Bennett's passenger. *Id.* This court noted that Bennett was a first felony offender at the time of his plea but had a pending drug possession charge when the accident occurred. *Id.*

Although Defendant largely focuses on *Gordon* and *Bennett*, jurisprudence includes other instances in which the trial court imposed less than the maximum

16

sentence permitted by La.R.S. 14:32.1. *See State v. Joseph*, 20-287 (La.App. 3 Cir. 5/5/21) (unpublished opinion) (2021 WL 1783537); *State v. Blackwell*, 13-316 (La.App. 3 Cir. 10/9/13) (unpublished opinion) (2013 WL 5539242), *writ denied*, 13-2600 (La. 4/11/14), 137 So.3d 1215; *State v. Matt*, 11-1539 (La.App. 3 Cir. 6/6/12), 91 So.3d 1252, and *State v. Kotrla*, 08-364 (La.App. 3 Cir. 11/5/08), 996 So.2d 1224. Jurisprudence further contains cases resulting in thirty-year sentences but which involve perpetrators demonstrating greater intoxication than Defendant or who, unlike Defendant, had criminal histories. *See, e.g., State v. Deville*, 11-88 (La.App. 3 Cir. 10/5/11), 74 So.3d 774, *writ denied*, 11-2450 (La. 3/30/12), 85 So.3d 114 and *State v. Landry*, 09-260 (La.App. 3 Cir. 11/4/09), 21 So.3d 1148, *writ denied*, 09-2577 (La. 5/21/10), 36 So.3d 229.

Defendant does not address the fact that each of the above cases shares the fact that the reviewing panel upheld the sentence imposed by the trial court. None of the panels found it appropriate to reduce the sentence imposed by the trial court. Instead, each case reflects the fact-intensive nature of sentencing and the deference afforded the trial court's shaping of a sentence given the unique facts and circumstances of each case and each offender.

On this point, the supreme court has repeatedly explained "that sentence review under the Louisiana constitution does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is more appropriate in a given case." *State v. Savoy*, 11-1174, p. 5 (La. 7/2/12), 93 So.3d 1279, 1283 (citing *State v. Walker*, 00-3200 (La. 10/12/01), 799 So.2d 461; *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996); *State v. Humphrey*, 445 So.2d 1155 (La.1984)).

That standard is reflected in *LeBlanc*, 41 So.3d 1168, wherein the supreme court reversed this court's determination that LeBlanc's thirty-year sentence for vehicular homicide was excessive. The supreme court reinstated the thirty-year sentence, explaining that the legislature has steadily increased punishment for the offense of vehicular homicide reflecting the dangers posed by intoxicated drivers. *Id.* That evolving legislation has provided broader sentencing ranges and increased opportunities for trial courts "to exercise their discretion in individualizing punishment to the particular defendant and the particular circumstances of the case, within the general parameter … that sentences at or near the maximum should ordinarily apply only to the most blameworthy offenders committing the most serious violations of the described offense." *Id.* at 1173. The supreme court has explained that "[w]hile comparison with similar cases, 'is useful in itself and sets the stage,' the focus of sentence review remains on the character and propensities of the offender and the circumstances of the offense.'" *Id.* (quoting *State v. Telsee*, 425 So.2d 1251, 1254 (La.1980)).

Mindful of that directive, we maintain Defendant's sentence. The trial court's careful consideration of Defendant's character and the circumstances surrounding this offense are seen in the reasons for ruling at both resentencing and in its denial of the Motion to Reconsider Sentence. Despite Defendant's characterization, the sentence imposed is not the maximum permitted by La.R.S. 14:32.1. The trial court instead suspended seven years and ordered that only three years be served without benefit of probation, parole, or suspension of sentence. This reduction in the minimum period of incarceration is advantageous to Defendant since La.R.S. 14:32.1(B) required that five years be served without those benefits due Defendant's blood alcohol level of .173. As the trial court recognized, Defendant has the potential

for early release from imprisonment with good behavior, an appropriate consideration in shaping the sentence. *See LeBlanc*, 41 So.3d 1168. Neither did the trial court impose the mandatory fine required by 14:32.1(B).

While Defendant focuses on his lack of criminal history, the trial court considered his lack of arrest record but placed a larger emphasis on the seriousness of Defendant's offense and the implicit disregard for the safety of others. His actions resulted in the death of the victim, imperiled others in the victim's running group, and as the trial court expressed, the offense "wasn't just a minor error in judgment. This was a very serious, serious thing that happened with very serious consequences." The record supports those findings.

We accordingly find that this assignment lacks merit.

## DECREE

For these reasons, Defendant's sentence is affirmed.

**AFFIRMED.**